<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **AZOG, INC.**, *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>**GOLDEN INTEGRITY, INC.**, *et al.*,<br><br>　　　　　　　Defendants. | Civil Action No. 23-2375 (ZNQ) (JTQ)<br><br>**OPINION** |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon a "Motion for Summary Judgment to Dismiss the Complaint" filed by Defendant Kryzsztof Kornecki ("Kornecki"). (ECF No. 14.) The Motion is unopposed.[1] The Court has carefully considered the Defendant's submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT the Motion and dismiss the Amended Complaint for lack of subject matter jurisdiction.

Plaintiffs Azog, Inc. and Azubuike Ogala ("Plaintiffs") filed this suit against Defendants Golden Integrity, Inc., Dariusz Szwarc, Kryzsztof Kornecki, Agathata Szwarc, Martin Szwarc, and DK Pastry, Inc. (collectively, "Defendants"). The Amended Complaint asserts twelve claims stemming from a failed business relationship among the parties. The claims consist of: 1) conversion; 2) trade secret misappropriation; 3) misappropriation of proprietary and

---

[1] Plaintiffs sought and were granted an extension of time to respond to the Motion (ECF No. 16), but ultimately neglected to file an opposition. Defendant Kornecki filed a letter noting this fact. (ECF No. 17.)

1

confidential information; 4) breach of contract, 5) conspiracy; 6) fraud in the inducement; 7) fraud; 8) breach of the duty of loyalty; 9) breach of the covenant of good faith and fair dealing, 10) unjust enrichment; 11) loss of income; and 12) interference with contract and/or prospective economic advantage.

Kornecki now moves for summary judgment, and asserts, *inter alia,* that subject matter jurisdiction does not exist.

Because the federal courts are "courts of limited jurisdiction," *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005),"[i]t is fundamental that federal courts must have subject matter jurisdiction before reaching the merits of a case," *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC,* 888 F.3d 29, 34 (3d Cir. 2018).  Accordingly, before reaching the merits, the Court must determine whether it has subject matter jurisdiction to hear this case.

Federal courts have subject matter jurisdiction over two types of cases: federal question cases and diversity cases. *Exxon Mobil,* 545 U.S. at 552.

Federal question jurisdiction exists in "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  To establish federal question jurisdiction, "the party asserting jurisdiction must satisfy the 'well-pleaded complaint rule,' which mandates that the grounds for jurisdiction be clear on the face of the pleading that initiates the case." *Goldman v. Citigroup Glob. Markets Inc.,* 834 F.3d 242, 249 (3d Cir. 2016) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.,* 463 U.S. 1, 9-11 (1983)).  Here, the Amended Complaint alleges that "Defendants collectively and in collusion and combination, conspired and fraudulently usurped and converted AZOG Inc., and Ogala's proprietary and confidential documents and information, trade secrets and formulations and for their own use, benefit and gain as well as for the use, gain and benefit of their DK Pastry Inc., bakery business

2

which is owned by Defendants Krzysztof Komecki and Dariusz Szwarc." (ECF No. 6 ¶ 1.) Plaintiffs do not invoke any federal law, nor is any federal question apparent from the face of the Amended Complaint.[2] The Court therefore finds that there is no basis to find federal question jurisdiction.

Diversity jurisdiction exists in civil actions between citizens of different States where the amount in controversy exceeds $75,000. 28 U.S.C. at § 1332. Complete diversity is required, meaning that "every plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe,* 448 F.3d 201, 215 (3d Cir. 2006). A corporate defendant is deemed a citizen of its state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c). Where "diversity of citizenship [has] been adequately pleaded by the plaintiff, the defendant can submit proof that, in fact, diversity is lacking." *GBForefront,* 888 F.3d at 35. "The defendant has the initial burden of production to raise a factual challenge," but "[o]nce a factual challenge has been raised, the plaintiff then has the burden of proof to establish diversity jurisdiction by a preponderance of the evidence." *Id.*

The Amended Complaint identifies both Plaintiffs as New Jersey citizens. (ECF No. 6 ¶¶ 5–6.) It also identifies Defendants Kornecki, Martin Szwarc, and DK Pastry, Inc. as New Jersey citizens. (*Id*. ¶¶ 9, 11–12.) In his summary judgment motion, Kornecki confirms that all three defendants are citizens of New Jersey. (Statement of Material Facts ¶ 2, ECF No. 14-2.) Insofar as the Complaint itself alleges these defendants' New Jersey residencies, and Plaintiffs have not responded to the Motion to either amend this assertion or to rebut Kornecki's confirmation, the Court finds that Plaintiffs have not met their burden of proof to establish that diversity among the parties exists.

---

[2] The Amended Complaint mentions a provisional patent application filed by Plaintiff Ogala but does not identify an issued patent or actually allege patent infringement.

3

In the absence of federal question or diversity jurisdiction, the Court concludes that this action must be dismissed for lack of subject matter jurisdiction. *See Trinh v. Citizen Bus. Banking*, 807 Fed. App'x. 196 (3d Cir. 2020).

Because the Court must consider whether further amendment of the Complaint in this case would be futile, the Court considers Kornecki's secondary argument that Plaintiffs' claims are time-barred by the applicable statutes of limitations.

The shortest statute of limitations in this case is three years for Plaintiffs' trade secret misappropriation claim under the New Jersey Trade Secrets Act. N.J.S.A. § 56:15-8. The Amended Complaint's most recent allegations regarding misappropriations were in 2014 (*see* ECF No. 6 ¶¶ 20, 22, 23, 26), which means any claim ran in 2017. This suit was initiated in 2023, so any trade secret misappropriation claim would therefore be barred.

The remainder of Amended Complaint's claims are subject to a six-year statute of limitations. N.J.S.A. § 2A:14.1(a) applies a six-years limit to Plaintiffs' claims for conversion (Count 1), misappropriation of confidential/proprietary information (Count 3), and conspiracy (Count 5), fraud in the inducement (Count 6), fraud (Count 7), breach of fiduciary duty (Count 8), and unjust enrichment (Count 10). Likewise, under N.J.S.A. § 2A:14-1, there is a six-year limit for Plaintiffs' six claims for breach of contract (Count 4); breach of fiduciary duty/duty of loyalty (Count 8); breach of implied covenant of good faith and fair dealing (Count 9); Loss of income (Count 11); and interference with contract (Count 12). Even the most generous interpretation of the Amended Complaint indicates that the latest date that any of these claims might have accrued is in March 2017.[3] The statute of limitations would have therefore run in March 2023. This suit

---

[3] March 2017 is significant in that True Nature LLC was formed on March 6, 2017. (ECF No. 14-2 ¶ 9; ECF No. 14-1 at 37.) The Amended Complaint alleges that Plaintiffs were induced to participate in True Nature LLC, that "was intended to create and sell non-drug supplements." (ECF No. 6 ¶ 28.) However, Plaintiffs allege that many of the defendants had a "preconceived plan and scheme" to abscond with Plaintiffs' information. (*Id*. ¶ 24.)

4

was not filed until July 2023.  Accordingly, all of the remaining claims would be barred under the relevant statutes of limitations.  Under these circumstances, the Court concludes that it would be futile to permit further amendment to the Complaint in this matter.  Plaintiffs will therefore be DENIED leave to amend.  An appropriate Order will follow.

Date: **August 5, 2024**

                                              s/ Zahid N. Quraishi
                                              **ZAHID N. QURAISHI**
                                              **UNITED STATES DISTRICT JUDGE**